1 | Tim M. Agajanian (SBN 130508)
Stephen K. Anderson (SBN 194769)
2 | **MURCHISON & CUMMING, LLP**
275 Battery Street, Suite 550
3 | San Francisco, CA 94111
Telephone: (415) 524-4300
4 | Facsimile: (415) 391-2058
E-Mail: tagajanian@murchisonlaw.com
5 | sanderson@murchisonlaw.com

6 | Attorneys for Plaintiffs, A. JUSTIN STERLING,
individually and a Trustee of THE A. JUSTIN
7 | STERLING TRUST

8 | U.S. BANKRUPTCY COURT

9 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 | OAKLAND DIVISION

11 |

12 | In re: | CASE NO. 11-49539 WJL 7

13 | KEITH KIM, JANICE KIM, | Chapter 7

14 | Debtors

15 |

16 | A. JUSTIN STERLING, individually and as | ADVERSARY PROCEEDING
Trustee of THE A. JUSTIN STERLING
17 | TRUST, | NO: 11-4845

18 | Plaintiffs,

19 | vs.

20 | KEITH KIM and JANICE KIM,

21 | Defendants.

22 |

23 | **ADVERSARY COMPLAINT OF A. JUSTIN STERLING, individually and as**

24 | **Trustee of THE A. JUSTIN STERLING TRUST TO DETERMINE**

25 | **DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(2) and (4)**

26 | Comes now A. JUSTIN STERLING, individually and as Trustee of THE A. JUSTIN

27 | STERLING TRUST, (hereinafter "STERLING" or "the TRUST") by and through undersigned

28 |

1  counsel, and petitions the Court, pursuant to 11 U.S.C. § 523(a)(2) and (4) for the limited

2  purpose of determining that the contingent debt owed to A. JUSTIN STERLING, individually

3  and as Trustee of THE A. JUSTIN STERLING TRUST is nondischargeable. In support

4  thereof, STERLING submits as follows:

5       1. This adversary proceeding arises out of the Defendant's Chapter 7 Case

6  No. 11-49539 WJL 7.

7       2. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C.

8  §§ 157 and 11 U.S.C. § 523. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

9       3. This adversary proceeding stems from STERLING's civil lawsuit against KEITH

10  KIM and JANICE KIM (hereinafter "KIMS" or "Defendants"), brought in state court on April

11  20, 2010, Alameda County Superior Court Case No. RG 10510475. The KIMS commenced

12  the civil action against STERLING, and STERLING cross-complained against the KIMS for

13  damages associated with the KIMS occupation of STERLING's residence. The KIMS'

14  Complaint is attached as Exhibit A and incorporated into this Complaint. STERLING's

15  Cross-Complaint is attached as Exhibit B and incorporated into this Complaint.

16      4. Plaintiff, STERLING, by and through its counsel, Stephen K. Anderson, Esq., filed

17  its civil Cross-Complaint against the KIMS for damages arising out of the KIMS occupation

18  and lease of STERLING's residence, having deliberately misrepresented their criminal

19  backgrounds and financial status during the application process.

20      5. Defendant, KEITH KIM, is an individual who resides in Alameda County, California.

21  At the time KEITH KIM applied to rent STERLING's residence he had been indicted and

22  found guilty on Federal charges, to wit, a violation of 18 USC Section 1001, a Class D

23  felony, in the matter of Unite States of America v. Keith Kim, United States District Court,

24  Northern District of California, San Francisco, Division, Case No. CR-01-0193-CRB.

25      6. Defendant, KEITH KIM, represented in his application to rent STERLING's

26  property that he had no past felonies, a representation that KEITH KIM knew to be false

27  when he made it in August of 2009, when he applied to rent STERLING's residence.

28

7. Defendants, KEITH and JANICE KIM, represented in the application process that they were financially solvent and able to pay the rent associated with STERLING's property. As demonstrated by the filings before this Court by both KEITH and JANICE KIM, both were then insolvent at the time, with a Federal IRS tax lien on their personal property in excess of $190,000, and facing IRS and California Franchise Tax Board delinquencies in excess of $11,000,000.00 at the time they applied to rent the STERLING's residence in August of 2009.

8. Had STERLING been aware of these falsehoods the Defendants would not have been allowed access to STERLING's property and been turned away for both the felony conviction and financial insolvency issues.

9. STERLING's Complaint concerns the KIMS' conduct relating to their lease of STERLING's property from August 2009 until approximately February 2010.

10. The Defendants vacated STERLING's property, after damaging it, failing to pay rental amounts then owed to STERLING, and commenced a civil action against STERLING for emotional distress they claim they suffered during the rental of the residence.

11. The Defendants knowingly made false material misrepresentations, directly concerning their backgrounds and financial status that they knew or should have known would convince STERLING to lease the residence to Defendants.

12. STERLING had no way of ascertaining the falsity of these representations concerning Defendants' backgrounds and financial status.

13.      STERLING's reliance on the above misrepresentations was the cause of STERLING's loss and serves as the backbone of STERLING's affirmative defenses to KIMS' Complaint and causes alleged therein.

**COUNT ONE**

14. STERLING re-alleges each allegation in paragraphs 1 through 13.

15. Through the above, the Defendants have engaged in acts amounting to those recognized as nondischargeable in 11 U.S.C. § 523(a)(2)(A).

**COUNT TWO**

16. STERLING re-alleges each allegation in paragraph 1 through 13.

17. Through the above, the Defendants have engaged in acts amounting to thoserecognized as nondischargeable in 11 U.S.C. § 523(a)(4).

WHEREFORE, STERLING respectfully request that this Court:

1. Grant judgment in favor of STERLING and against the Defendant for fraudulent enducement and misrepresentation in the amount of $25,000 plus statutory interest.

2. Hold the debt nondischargeable pursuant to 11 U.S.C. § 523(a)(2) and/or (4).

3. Grant any other relief necessary to protect the interests of Plaintiffs.

Respectfully submitted,

/s/ Stephen K. Anderson, Esq.

Attorneys for the Plaintiffs

(Cal Bar No. 194769)

CERTIFICATE OF SERVICE

I, Stephen K. Anderson, certify that on November 29, 2011, a copy of the Complaint of the ADVERSARY COMPLAINT OF A. JUSTIN STERLING, individually and as Trustee of THE A. JUSTIN STERLING TRUST TO DETERMINE DISCHARGEABILITY OF DEBT UNDER 11 U.S.C. § 523(a)(2) and (4), was sent via first class mail, postage prepaid, to the following parties:

Paul J. Nicholsen

Law Offices of Philip J. Nicholsen

601 Montgomery Street #777

San Francisco, CA 94111

Bankruptcy Trustee

////

////

////

1   Lois I. Brady

2   Chapter 7 Trustee

3   PO Box 12425

4   Oakland, CA 94604

5

6                                   /s/   Stephen K. Anderson
                                    _____

7                                   Stephen K. Anderson, counsel to
                                    Plaintiffs A. JUSTIN STERLING,
8                                   individually and a Trustee of THE A.
                                    JUSTIN STERLING TRUST
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is 275 Battery Street, Suite 550, San Francisco, California 94111.

On November 28, 2011, I served true copies of the following document(s) described as **CHAPTER 7** on the interested parties in this action as follows:

### SEE ATTACHED LIST

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Murchison & Cumming's practice for collecting and processing correspondence for mailing. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one business day after the date of deposit for mailing in this declaration.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 28, 2011, at San Francisco, California.

_____
Jennifer McConnell

1

1                                    SERVICE LIST

2
   Paul J. Nicholsen                        Bankruptcy Trustee
3  Law Offices of Philip J. Nicholsen
   601 Montgomery Street, #777
4  San Francisco, CA 94111

5  Lois I. Brady
   Chapter 7 Trustee
6  PO Box 12425
   Oakland, CA 94604
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

ENDORSED
FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)
ALAMEDA COUNTY

APR 2 0 2010

ERICA BAKER
CLERK OF THE SUPERIOR COURT

By_____
                          Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
  JAMES R. STERLING, A. JUSTIN STERLING, individually and as
  Trustee of THE A. JUSTIN STERLING TRUST, LYNN STERLING, and
  DOES 1 through 100, inclusive
**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
  KEITH KIM, JANICE KIM

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: Alameda County Superior Court *(El nombre y dirección de la corte es):* 1225 Fallon Street Oakland, CA 94612 Civil - Unlimited Jurisdiction | **CASE NUMBER:** *(Número del Caso):* **1051047** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Panos Lagos, Esq. / SBN 61821                   510.530.4078
5032 Woodminster Lane
Oakland, CA 94602

DATE: APR 2 0 2010                Clerk, by _ERICA BAKER_____ , Deputy
*(Fecha)*                         *(Secretario)*                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☑ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |

CEB



Case: 11-49539   Doc# 33   Filed: 11/29/11   Entered: 11/29/11 16:01:16   Page 9 of 27

LAW OFFICES OF PANOS LAGOS
Panos Lagos, Esq. / SBN 61821
Eugene Zinovyev, Esq. / SBN 267245
5032 Woodminster Lane
Oakland, CA 94602
510.530.4078
510.530.4725 / FAX

Attorney for Plaintiffs,
KEITH KIM, JANICE KIM

ENDORSED
FILED
ALAMEDA COUNTY

APR 2 0 2010

CLERK OF THE SUPERIOR COURT
By ERICA BAKER
                    Deputy

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ALAMEDA

| | |
|---|---|
| KEITH KIM, JANICE KIM, | Case No.: **10510475** |
| Plaintiffs, | COMPLAINT FOR DAMAGES |
| v. | 1. Breach of the Implied Warranty of Habitability – Negligence |
| JAMES R. STERLING, A. JUSTIN STERLING, individually and as Trustee of THE A. JUSTIN STERLING TRUST, LYNN STERLING, and DOES 1 through 100, inclusive, | 2. Breach of the Implied Warranty of Habitability – Intentional |

1. Breach of the Implied Warranty of Habitability – Negligence
2. Breach of the Implied Warranty of Habitability – Intentional
3. Violation of Statutory Duties by Defendants – Negligence
4. Violation of Statutory Duties by Defendants – Intentional
5. Nuisance – Negligence
6. Nuisance – Intentional
7. Intentional Infliction of Emotional Distress
8. Breach of the Implied Covenant of Quiet Use and Enjoyment
9. Breach of the Implied Covenant of Good Faith and Fair Dealing
10. Retaliatory Eviction Common Law
11. Retaliatory Eviction Civil Code §1942.5
12. Constructive Eviction – Negligence
13. Constructive Eviction – Intentional
14. Wrongful Eviction
15. Breach of Contract
16. Fraud
17. Negligent Misrepresentation
18. Trespass
19. Invasion of Privacy – Intentional
20. Invasion of Privacy – Negligence
21. Civil Conspiracy
22. Premises Liability
23. Violation of Civil Code §1950.5
24. Illegal Entry – Violation of Civil Code §1954
25. Negligence
26. Constructive Fraud
27. Promissory Estoppel

PLAINTIFFS' COMPLAINT FOR DAMAGES

- 1 -

Case: 11-49539   Doc# 33   Filed: 11/29/11   Entered: 11/29/11 16:01:16   Page 10 of 27

Plaintiffs Keith Kim and Janice Kim allege as follows:

## PRELIMINARY ALLEGATIONS

1.     Plaintiffs resided at 44 Sierra Avenue, Piedmont, County of Alameda, California ("subject premises"), an unfurnished residence, from approximately August 22, 2009 until February 12, 2010 pursuant to a written agreement between Plaintiffs as tenant, and Defendants as landlords. A copy of said lease agreement is attached hereto and incorporated herein as Exhibit A. Plaintiff is informed and believes and thereon alleges that Defendants purchased the subject premises in February 2009.

2.     Upon information and belief and, at all times herein alleged, each and every Defendant was an owner, user, hirer, operator, manager, maintainer or holder of liens on the premises, or of some right, title or interest in the premises.

3.     The true names and capacities of DOES 1 through 100 are, at this time, unknown to Plaintiffs, who therefore sue said Defendants by such fictitious names, and who will ask leave of this Court to amend this Complaint to reflect their true names and capacities when the same have been ascertained.  Plaintiffs are informed and believe and thereon allege, that each of said Defendants are responsible in some manner for the events and injuries herein described, and proximately caused damages to Plaintiffs as herein alleged.

4.     Plaintiffs are informed and believe and thereon allege, that, at all times herein alleged, each and every Defendant was the agent, employee, servant, partner, franchisee and joint venturer of each of his or their co-Defendant, and, in doing the actions hereinafter alleged, was acting within the scope of his or their authority as such agent, employee, servant, partnership, franchisee, and joint venturer, and with the permission and consent of each co-Defendant.

5.     As a direct and proximate result of Defendants' conduct and/or omissions as herein alleged, Plaintiffs suffered general damages in excess of the jurisdictional limits of the Court of limited jurisdiction.

6.     Under the terms of Exhibit A, Defendants agreed to rent the subject premises to Plaintiffs for a period of one year for the agreed monthly rent of $5700 payable in advance on the first day of each calendar month.  By virtue of Exhibit A, Plaintiffs were to have full use and

PAGE 05          STERLING INSTITUTE          5108361490     11:54   05/18/2010

Case: 11-49539     Doc# 33     Filed: 11/29/11     Entered: 11/29/11 16:01:16     Page 11 of 27

enjoyment of the subject premises.

7.    Plaintiffs tendered rent to Defendants until on or about December 1, 2009, when rental payments were withheld in an effort to compel Defendants to repair the premises.

8.    By renting the premises to Plaintiffs, said Defendants impliedly warranted the premises to be habitable and that Plaintiffs could peaceably and quietly have, hold, and enjoy the premises for the term of her tenancy.

9.    At all relevant times herein, Plaintiffs have complied with all terms and performed all duties required by said agreement.  Plaintiffs and Defendants, at all times mentioned, stood in a special relationship and/or in a fiduciary relationship.

10.    The landlord/tenant relationship between the parties required that Defendants exercise reasonable care in the performance of certain duties owed to Plaintiffs, including, but not limited to, a duty to comply with all applicable housing codes and other statutory provisions, such as California Civil Code §§1941, 1941.1, and Health and Safety Code §17920.3, with all local housing codes and ordinances in compliance with the basic, reasonably-expected standards of human occupancy required by the implied warranty of habitability and applicable statutory code provisions.

11.    Since on or about August 22, 2009, Plaintiffs have suffered from the following housing conditions and/or defects which were not caused by Plaintiffs' abnormal use of the premises and which, materially and substantially, interfered with the Plaintiffs' use and enjoyment of the premises:

      a.    the premises lacked adequate, safe, heating facilities;

      b.    inadequate plumbing;

      c.    inadequate electrical wiring;

      d.    malodorous odors;

      e.    inadequate waterproofing and weather protection of the roof, exterior walls, windows, and doors;

      f.    accumulations of debris, filth and garbage;

      g.    inadequate garbage and rubbish removal;

PAGE 06                          STERLING INSTITUTE                    5108361490    11:54    05/18/2010

Plaintiffs' rights, including but not limited, to:

   a.   Sending workers to the premises without notice on multiple occasions.

   b.   Shutting off Plaintiffs' water without notice for hours at a time, while Plaintiffs' newborn children were present in the premises, without any source of water.

   c.   Defendant, A Justin Sterling, screamed at Plaintiff Janice Kim, "this is my house I can do what I want," when she complained of the aforementioned trespasses.

   d.   Sending a large tattooed male to the premises at 11 pm on a Sunday night in order to serve the notice referenced in paragraph 14.

   e.   Sending various landscaping and plumbing contractors to the premises without notice to carry out work, forcing Plaintiff, JANICE KIM, to remain at the premises several times per week, without knowing when Defendants' contractors would arrive or leave.

   17.   Since on or about August 19, 2009, Defendants knew of the aforementioned adverse housing conditions set forth in Paragraph 11 of this Complaint, promised to and failed to repair the same.

## FIRST CAUSE OF ACTION

### (Breach of the Implied Warranty of Habitability – Negligence)

   18.   Plaintiffs reallege Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

   19.   By virtue of the residential landlord/tenant relationship between Plaintiffs and Defendants, Defendants owed certain duties to Plaintiffs which included, but were not limited to, a duty to comply with all applicable housing codes and statutory provisions of the State of California, County of Alameda.

   20.   Defendants breached the implied warranty of habitability with respect to Plaintiffs by virtue of the aforedescribed defects/housing conditions set forth in Paragraphs 11 of this Complaint.

PLAINTIFFS' COMPLAINT FOR DAMAGES

- 5 -

27.     Plaintiffs notified Defendants of the existence of the aforementioned housing conditions and defects set forth in Paragraph 16 of this Complaint and Defendants failed to remedy the same.

28.     In maintaining the premises described herein, Defendants and each of them, failed to exercise ordinary and reasonable care in complying with the aforementioned duties, and, therefore, breached the same, proximately resulting in general and special damages to Plaintiffs according to proof.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### FOURTH CAUSE OF ACTION

**(Violation of Statutory Duties by Defendants – Intentional)**

29.     Plaintiffs reallege Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

30.     The laws and regulations of the State of California and the County of Alameda including, but not limited to, California Civil Code §§1941, 1941.1, and Health and Safety Code §17920.3, impose statutory duties on Defendants to maintain the premises in safe and habitable conditions.

31.     Defendants' failure to correct the defective conditions described above was despicable, knowing, intentional, willful, malicious, oppressive, and, therefore, Plaintiffs are entitled to exemplary and punitive damages in an amount to be ascertained at the time of trial.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### FIFTH CAUSE OF ACTION

**(Nuisance – Negligence)**

32.     Plaintiffs reallege Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

33.     The adverse and substandard housing conditions of the premises, as heretofore alleged, constituted a nuisance within the meaning of California Civil Code §3479.

34.     Said nuisance affected and specially injured Plaintiffs in that they were deprived of the safe and comfortable use and quiet enjoyment of the premises as their dwelling.

PAGE   08                          STERLING INSTITUTE            5108361490      11:54   05/18/2010

35. Defendants were required by law to refrain from unreasonably interfering with Plaintiffs' quiet use and enjoyment of the subject premises and to abate or refrain from said conduct, and, by failing to do so, breached said duty. As a direct and proximate result of Defendants' failure, Plaintiffs suffered actual, general, and special damages, all to their damage according to proof.

36. Defendants knew, or reasonably should have know, that Plaintiffs would suffer damage in the form of mental distress, physical discomfort, and embarrassment which, in fact, they did suffer.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## SIXTH CAUSE OF ACTION

### (Nuisance – Intentional)

37. Plaintiffs reallege Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

38. Defendants' refusal to remedy and/or in creating said adverse housing conditions and to cease their outrageous, tortious conduct as heretofore alleged was knowing, despicable, intentional, willful, malicious, done with full knowledge of the discomfort and annoyance which said failure would cause Plaintiffs, and was done in conscious disregard of Plaintiffs' rights.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## SEVENTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

39. Plaintiffs reallege Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

40. By reason of Defendants' outrageous/tortious conduct as heretofore alleged, said Defendants committed acts which were extreme and outrageous and caused Plaintiffs extreme emotional distress and mental anguish.

41. As a direct and proximate result of Defendants' intentional conduct as heretofore alleged, Plaintiffs have suffered actual, special, and general damages.

42. Defendants' conduct, heretofore alleged, was knowing, intentional, willful,

PAGE 09        STERLING INSTITUTE        5108361490        11:54    05/18/2010

malicious, despicable, oppressive, and done with full knowledge or substantial certainty of the extreme mental distress which said action and/or failure to act would cause Plaintiffs, and, therefore, Plaintiffs are entitled to punitive damages in an amount to be ascertained at the time of trial.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## EIGHTH CAUSE OF ACTION

### (Breach of the Implied Covenant of Quiet Use and Enjoyment)

43.     Plaintiffs reallege Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

44.     In renting the subject premises to Plaintiffs, Defendants covenanted not to interfere with Plaintiffs' full use and enjoyment of the subject premises.

45.     As a direct and proximate result of the Defendants' outrageous/tortious conduct hereinabove alleged, Defendants seriously impaired Plaintiffs' quiet use and enjoyment of the premises. Thusly, Defendants breached the covenant of quiet use and enjoyment as to Plaintiffs.

46.     As a direct and proximate result of Defendants' conduct as heretofore alleged, Plaintiffs lost the substantial use and quiet enjoyment of their dwelling place, suffered the reduction of the fair rental value of the premises herein described, and suffered actual, general, and special damages according to proof, including, but not limited to, overpaid rent.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## NINETH CAUSE OF ACTION

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

47.     Plaintiffs reallege Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

48.     Defendants had a duty to exercise reasonable care. In committing the acts herein alleged, Defendants wrongfully, and in violation of the implied covenant of good faith and fair dealing contained in all contracts, failed to provide Plaintiffs with a habitable and safe place of residence.

49.     Plaintiffs, at the time of execution of the parties' tenancy agreement, was in an

PLAINTIFFS' COMPLAINT FOR DAMAGES                                                    - 9 -

unequal bargaining position due to Plaintiffs need for acceptable and affordable housing and their rush to move in order to enroll their children at Piedmont public schools. Additionally, Plaintiffs entered the rental agreement to secure a place of abode, emotional tranquility, and peace of mind, in avoiding the need to move from place to place, while further reposing in Defendants their trust that said Defendants would act honestly, in good faith and consistent with their statutory obligations and/or their agreement with Plaintiffs as more particularly set forth heretofore.

50.     Ordinary contract damages available to Plaintiffs for the tortious conduct of Defendants, as alleged herein, offer no incentive for Defendants not to breach the same and are not sufficient to make Plaintiffs whole.

51.     Plaintiffs were, at all times herein mentioned, in a housing market that was unfavorable to the as a tenants and favorable to Defendants as landlords. Defendants were, at all relevant times herein mentioned, aware of the increased financial burden that would be placed on Plaintiffs if Plaintiffs were forced to leave their home and that Plaintiffs were particularly vulnerable to suffer the aforementioned financial burden and related emotional damages, including inconvenience, annoyance, frustration, anger, indignation and embarrassment as a result of the shortage in the residential housing market and to move and/or the strain and the stress associated with moving one's place of residence. Nevertheless, Defendants engaged in the aforementioned outrageous/tortious conduct in total disregard of its consequences on Plaintiffs' feelings and financial considerations.

52.     As a direct, proximate, and foreseeable result of the breach of the implied covenant of good faith and fair dealing by Defendants, Plaintiffs have suffered general and special damages, including, but not limited to, overpaid rent.

53.     As a further, direct and proximate result of said conduct by Defendants, Plaintiffs suffered physical discomfort, annoyance, severe emotional distress and property loss/damage.

54.     Defendants' actions in breaching the aforementioned covenant were done knowingly, despicably, willfully, maliciously, wrongfully, in bad faith, fraudulently and in conscious disregard of Plaintiffs' rights under the rental agreement. In doing the acts herein

PAGE 11          STERLING INSTITUTE          5108361490     11:54     05/18/2010

alleged, Defendants acted with oppression, fraud, despicably, willfully, maliciously and in conscious disregard of Plaintiffs' rights under their rental agreement and Plaintiffs are entitled to punitive damages in an amount to be ascertained at the time of trial.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## TENTH CAUSE OF ACTION

### (Retaliatory Eviction Common Law)

55.     Plaintiffs reallege Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

56.     Plaintiffs allege that Defendants' wrongful and constructive eviction of Plaintiffs was done in retaliation against them for exercising their rights as a tenant in having the premises inspected and/or repaired and for deliberately withholding rent. The 3-Day Notice to Pay or Quit on December 17, 2009, was served by Defendants in retaliation for Plaintiffs valid exercise of their rights as tenants.

57.     Defendants' outrageous, tortious conduct, carried out against Plaintiffs, constituted a retaliatory eviction in violation of California Common Law.

58.     As a direct and proximate result of said retaliatory eviction and conduct by Defendants, Plaintiffs suffered actual, general, and special damages according to proof.

59.     The aforementioned acts of Defendants were willful, wanton, despicable, malicious, and oppressive, and thereby justify an award of exemplary and punitive damages in an amount to be ascertained at the time of trial.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## ELEVENTH CAUSE OF ACTION

### (Retaliatory Eviction – Violation of Civil Code §1942.5)

60.     Plaintiffs reallege Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

61.     Plaintiffs allege that Defendants' outrageous, tortious conduct, as heretofore alleged, was in retaliation for Plaintiffs' lawful and peaceful exercise of their rights. The 3-Day Notice to Pay or Quit on December 17, 2009, was served by Defendants in retaliation for

PAGE 12          STERLING INSTITUTE          5108361490     11:54   05/18/2010

Case: 11-49539    Doc# 33    Filed: 11/29/11    Entered: 11/29/11 16:01:16    Page 18 of 27

Plaintiffs valid exercise of their rights as tenants. Defendants' retaliatory acts and/or conduct against Plaintiffs violated California Civil Code §1942.5.

62.     As a direct and proximate result of said retaliatory eviction and/or conduct by Defendants, Plaintiffs suffered actual, general, and special damages according to proof.

63.     In acting in the aforedescribed fashion, Defendants acted willfully, wantonly, deliberately, maliciously, oppressively, despicably, and with the intent to retaliate against Plaintiffs. Thusly, Plaintiffs are entitled to statutory punitive damages against Defendants in the sum of One Thousand Dollars for each retaliatory act committed by Defendants. Plaintiffs are further entitled to statutory attorney's fees pursuant to Civil Code §1942.5(f).

WHEREFORE, Plaintiffs pray for relief as set forth below.

## TWELFTH CAUSE OF ACTION
### (Constructive Eviction – Negligence)

64.     Plaintiffs reallege paragraphs 1 – 17 of this Complaint as though fully set forth herein.

65.     By reason of the landlord/tenant relationship, Defendants owed Plaintiffs a duty to exercise reasonable care in the ownership, management, and control of their real property.

66.     Defendants owed Plaintiffs a duty not to unreasonably interfere with Plaintiffs' quiet use and enjoyment of the subject premises and invading their privacy.

67.     The duties owed by the Defendants to exercise reasonable care, include, but are not limited to: the duty to refrain from interfering with Plaintiffs' full use and quiet enjoyment of the premises, and to comply with all state and municipal laws governing Plaintiffs' rights as a tenant.

68.     Said Defendants, by the conduct heretofore alleged, negligently and carelessly maintained, operated, and managed the subject premises, and interacted with the Plaintiffs so as to breach the duties enumerated in the preceding paragraphs, thereby depriving Plaintiffs of exercising their right to peaceably and quietly live at the premises.

69.     Plaintiffs are informed and believe, and thereon allege that, at all relevant times heretofore alleged, Defendants were aware or reasonably should have been aware that

PAGE 13          STERLING INSTITUTE          5108361490     11:54   05/18/2010

Case: 11-49539     Doc# 33     Filed: 11/29/11     Entered: 11/29/11 16:01:16     Page 19 of 27

Plaintiffs could/would not peaceably and quietly enjoy the subject premises.

70.    As a direct and proximate result of these breaches of duty by Defendants, Plaintiffs suffered actual, general, and special damages, including, but not limited to, physical discomfort and extreme emotional distress.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth below.

## THIRTEENTH CAUSE OF ACTION

### (Constructive Eviction – Intentional)

71.    Plaintiffs reallege paragraphs 1 – 17 of this Complaint as though fully set forth herein.

72.    As a direct and proximate result of the outrageous tortious conduct of Defendants, Defendants substantially and materially interfered with Plaintiffs' peaceable and quiet use of the subject premises.

73.    As a direct, proximate and foreseeable result of said constructive eviction by Defendants, Plaintiffs suffered actual, special, and general damages according to proof.

74.    The aforementioned acts of Defendants were willful, wanton, deliberate, malicious, obstinate, oppressive, despicable, and done in conscious disregard of Plaintiffs' rights, thereby justifying an award of substantial exemplary and punitive damages in an amount to be ascertained at the time of trial.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## FOURTEENTH CAUSE OF ACTION

### (Wrongful Eviction)

75.    Plaintiffs reallege paragraphs 1 – 17 of this Complaint as though fully set forth herein.

76.    From on or about September 21, 2009 to the present, Defendants, and each of them, interfered, and continued to interfere with Plaintiffs' rights to the quiet enjoyment of the premises.

77.    As a proximate result of Defendants' constructive eviction of Plaintiffs from the premises, Plaintiffs lost the right to occupy the subject premises. Plaintiffs will amend this

PAGE 14                          STERLING INSTITUTE              5108361490    11:54  05/18/2010

Case: 11-49539    Doc# 33    Filed: 11/29/11    Entered: 11/29/11 16:01:16    Page 20 of 27

complaint to state such amounts when known to them or on proof thereof at trial.

78.     As a further proximate result of Defendants' constructive eviction of Plaintiffs from the premises, Plaintiffs suffered extreme mental distress, annoyance, inconvenience, frustration, anger, and embarrassment, all to her general damages according to proof. Plaintiffs will amend this complaint to state such amounts when known to them or on proof thereof at trial.

79.     Defendants' constructive eviction of Plaintiffs from the premises was oppressive and malicious within the meaning of section 3294 of the Civil Code and subjected Plaintiffs to cruel and unjust hardship and conscious disregard of the rights and safety of Plaintiffs, thereby entitling Plaintiffs to an award of punitive damages. Accordingly, exemplary damages must be awarded to Plaintiffs so as to ensure that Defendants will be deterred from similar conduct in the future and as an example to others who might disregard the rights of other similarly-situated Plaintiffs.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## FIFTEENTH CAUSE OF ACTION

### (Breach of Contract)

80.     Plaintiffs reallege Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

81.     Plaintiffs entered into a written contract with Defendants as herein alleged in Paragraph 1 of this Complaint.

82.     Plaintiffs have performed all conditions, covenants, and promises required to be performed by them in accordance with the terms and conditions of the rental agreement.

83.     Defendants breached their statutory and contractual obligations as more particularly set forth heretofore. Plaintiffs are also entitled to attorney's fees and costs as provided for in the rental agreement.

84.     As a direct and proximate result of the Defendants' breach of contract, Plaintiffs suffered damages in the form of overpaid rent, attorney's fees, moving expenses, repair costs, an increase in rent at their subsequent residence, the need to pay all of their rent for the year up-

PLAINTIFFS' COMPLAINT FOR DAMAGES                                      - 14 -

Case: 11-49539    Doc# 33    Filed: 11/29/11    Entered: 11/29/11 16:01:16    Page 21 of 27

front and their subsequent residence, and other related special damages in an amount which will be proven at the time of trial.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## SIXTEENTH CAUSE OF ACTION

### (Fraud)

85.     Plaintiffs reallege Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

86.     Defendants knew at the time that they made the aforedescribed promises to fix the various problems complained of in paragraph 11, that the promises were false and that they intended to defraud and deceive Plaintiffs, and to cause Plaintiffs to rely on the promises in making her decision to remain in possession of the premises and pay rent and to forego finding a new, permanent residence as alleged in paragraph 12.

87.     At the time the promises were made by Defendants, Plaintiffs were ignorant of the falsity of the promises and believed them to be true. In reasonable reliance upon these representations, Plaintiffs agreed to remain in possession of the premises and pay rent. Had Plaintiffs known the actual facts, they would not have entered into the aforedescribed agreement to rent the subject premises with Defendants and would have started looking for alternative housing much sooner.

88.     Plaintiffs' reliance was justified in that they had no reason to disbelieve Defendants and expected to enter into a good faith contractual relationship with them.

89.     Furthermore, Defendant's knowingly concealed from Plaintiffs the presence of a FPE electrical panel in the subject premises, and the inherent danger the presence of a FPE panel posed to Plaintiffs and their family.

90.     As a direct, proximate and foreseeable result, Plaintiffs suffered damages including, but not limited to, property damages and loss, discomfort, annoyance, frustration, embarrassment, humiliation, and severe emotional distress.

91.     Defendants' conduct was fraudulent, malicious, oppressive and despicable. Accordingly, exemplary damages must be awarded to Plaintiffs so as to ensure that Defendants

PAGE 16                    STERLING INSTITUTE              5108361490      11:54   05/18/2010

Case: 11-49539    Doc# 33    Filed: 11/29/11    Entered: 11/29/11 16:01:16    Page 22 of 27

will be deterred from similar conduct in the future and, as an example to others who might disregard the rights of other similarly-situated Plaintiffs.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## SEVENTEENTH CAUSE OF ACTION
### (Negligent Misrepresentation)

92.     Plaintiffs reallege Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

93.     Defendants made the representations set forth in Paragraph 16 of this Complaint with no reasonable grounds for believing them to be true.

94.     Defendants' representations were false. At the time Defendants made these representations, Plaintiffs were ignorant of the falsity of these representations and believed them to be true.

95.     Upon information and belief at the time, Defendants made these representations, and each of them, either knew they were false or made them without any reasonable grounds for believing them to be true.

96.     Upon information and belief, Defendants, and each of them, made said representations for the purpose of inducing Plaintiffs to rely upon them and, particularly, to inducing Plaintiffs to continue renting the premises.

97.     Plaintiffs' reliance upon Defendants' representations was justified and Plaintiffs had no reason to doubt Defendants' representations that Plaintiffs would be allowed to benefit from and enjoy the covenant of the quiet enjoyment of the premises.

98.     As a direct, proximate and foreseeable result of Defendants' negligent misrepresentations, Plaintiffs suffered damages including, but not limited to, property damages and loss, discomfort, annoyance, frustration, embarrassment, humiliation, and severe emotional distress. Additionally, Plaintiffs were deprived of the beneficial use of the premises and has, consequently, suffered damages in the form of overpaid rent.

WHEREFORE, Plaintiffs pray for relief as set forth below.

///

PAGE 17                    STERLING INSTITUTE          5108361490      11:54  05/18/2010

## EIGHTEENTH CAUSE OF ACTION

### (Trespassing)

99.     Plaintiffs reallege Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

100.    On September 21, 2009 Plaintiffs were in lawful possession of the premises which served as her place of residence.

101.    On September 29, 2009, and many times thereafter, Defendants wrongfully entered said premises without Plaintiffs' consent and against Plaintiffs' will.

102.    As a proximate result of the said entry by Defendants, Plaintiffs sustained personal injuries, including fright, anger, mental anguish, embarrassment, humiliation, and apprehension, all to their damage according to proof.

103.    Defendants' actions in entering said premises were done fraudulently, willfully, wantonly, maliciously, despicably, in conscious disregard of Plaintiffs' rights and for the ultimate purpose of driving Plaintiffs out of said premises. Plaintiffs pray for an award of exemplary or punitive damages in an amount to be ascertained at the time of trial.

WHEREFORE, Plaintiffs pray for relief as set forth below.

### NINETEENTH CAUSE OF ACTION

### (Invasion of Privacy – Intentional)

104.    Plaintiffs reallege Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

105.    At all relevant times, Plaintiffs were lawfully in possession of the premises.

106.    Defendants invaded Plaintiffs' right to privacy by entering their premises without their consent, knowledge or permission.

107.    The intrusion was offensive and objectionable to Plaintiffs and to a reasonable person of ordinary sensibilities in that Defendants entered the premises occupied by Plaintiffs without Plaintiffs consent, knowledge or permission.

108.    The intrusion was into a place or thing which was private and entitled to be private in that it involved an un-consented-to invasion into Plaintiffs' premises and personal life.

PLAINTIFFS' COMPLAINT FOR DAMAGES                                              -17-

109. As a proximate result of the aforementioned acts of Defendants, Plaintiffs suffered humiliation, embarrassment, hurt feelings, mental anguish, and suffering in an amount according to proof.

110. In doing the aforementioned things set forth in Paragraph 16 of this Complaint, Defendants were guilty of fraud or malice in that Defendants entered Plaintiffs' premises with the intent of injuring or annoying Plaintiffs and/or with a conscious disregard of Plaintiffs' rights, and/or the actions of Defendants were despicable. Accordingly, Plaintiffs seeks an award of punitive damages in an amount according to proof.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## TWENTIETH CAUSE OF ACTION

### (Invasion of Privacy – Negligence)

111. Plaintiffs reallege Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

112. Defendants owed Plaintiffs a duty to refrain from interfering with Plaintiffs' rights to privacy. Defendants knew, or in the exercise of ordinary care, should have know, that the aforementioned conduct would invade Plaintiffs' rights to privacy and cause them substantial mental distress and suffering, embarrassment, ridicule, hurt feelings, and scorn.

113. As heretofore alleged, Defendants' conduct breached the duty to exercise due care towards Plaintiffs.

114. As a direct, proximate, and foreseeable result of the acts of Defendants as heretofore alleged, Plaintiffs suffered actual, special and general damages, including, but not limited to, annoyance, humiliation, fear, frustration, grief, embarrassment, severe emotional anguish and distress, in an amount to be ascertained in accordance with the law and proof at the time of trial.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## TWENTY-FIRST CAUSE OF ACTION

### (Civil Conspiracy)

115. Plaintiffs reallege Paragraphs 1 through 17 of this Complaint as though fully set

PAGE 19          STERLING INSTITUTE          5108361490          11:54          05/18/2010

forth herein.

116.     Plaintiffs are informed and believe and thereon allege that, at all times pertinent hereto, Defendants, and each of them, knowingly and willfully conspired and agreed among themselves to refuse and/or otherwise fail to respond to Plaintiffs' request for repairs or to cease their abusive behavior.

117.     Plaintiffs are informed and believe and thereon allege that said Defendants, and each of them, did the acts and things herein alleged pursuant to and in furtherance of the conspiracy and agreement as alleged herein.

118.     Plaintiffs are informed and believe and thereon allege that said Defendants, and each of them, furthered their conspiracy by cooperation or ratification and adoption of the acts of all Defendants in carrying out the wrongful, tortious conduct as alleged hereinabove.

119.     As a direct and proximate result of Defendants' conduct as alleged herein, Plaintiffs have suffered actual, special, and general damages.

120.     As alleged herein, Defendants, and each of them, acted in a willful, wanton, deliberate, despicable, and oppressive manner with the intent to injure Plaintiffs and to cause them harm, such that punitive and exemplary damages are appropriate herein.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## TWENTY-SECOND CAUSE OF ACTION

### (Premises Liability)

121.     Plaintiffs reallege Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

122.     At the aforementioned time and place, Defendants negligently maintained, managed, controlled, and operate the premises, in that Defendants failed to adequately maintain the electrical wiring of the subject premises which Defendants knew, or, in the exercise of reasonable care should have know, constituted a dangerous condition and unreasonable risk of harm of which Plaintiffs was, at all times herein mentioned, unaware. Defendants negligently failed to take steps to either make the condition safe or warn Plaintiffs of the dangerous condition, all of which caused Plaintiffs to suffer the injuries and damages described above.

PLAINTIFFS' COMPLAINT FOR DAMAGES

- 19 -

Case: 11-49539    Doc# 33    Filed: 11/29/11    Entered: 11/29/11 16:01:16    Page 26 of 27

123. As a proximate result of Defendants' negligence, Plaintiffs were hurt and injured in their health, strength, and activity, sustaining injury to their nervous system and person, all of which injuries have caused, and continue to cause Plaintiffs great mental, physical, and nervous pain and suffering. As a result of such injuries, Plaintiffs have suffered general damages in an amount according to proof.

124. As a further proximate result of Defendant's negligence, Plaintiffs have incurred, and will continue to incur, medical and related expenses in an amount according to proof.

WHEREFORE, Plaintiffs pray for relief as set forth below.

## TWENTY-THIRD CAUSE OF ACTION

### (Violation of Civil Code §1950.5)

125. Plaintiffs reallege Paragraphs 1 through 17 of this Complaint as though fully set forth herein.

126. At the commencement of Plaintiffs' tenancy, Plaintiffs paid a security deposit of $15,700 to Defendants.

127. The security deposit was in excess of an amount equal to two month's rent ($11,400) in violation of Civil Code §1950.5. Defendants claimed deductions against said security deposit for back rent to which Defendants were not entitled.

128. On or about February 12, Plaintiffs vacated the premises. At that time, they had not committed waste or damaged the premises.

129. Defendants failed to notify tenant, within a reasonable amount of time, in writing, after Plaintiffs' notification of their intent to terminate the tenancy, of Plaintiffs' option to request an initial inspection, and of Plaintiffs' right to be present during the inspection. Pursuant to Civil Code §1950.5(f)(1).

130. Defendants' actions heretofore alleged were done in bad faith. Plaintiffs are entitled to statutory damages against Defendants of up to twice the amount of the security pursuant to Civil Code §1950.5(l).

WHEREFORE, Plaintiffs pray for relief as set forth below.

///

Case: 11-49539    Doc# 33    Filed: 11/29/11    Entered: 11/29/11 16:01:16    Page 27 of 27