PHILIP J. NICHOLSEN (SB#130983)
601 Montgomery Street, Suite 777
San Francisco, California 94111
Telephone: (415) 364-4000
Email: nicholsenlaw@yahoo.com

Attorney for Defendants,
Keith Kim and Janice Kim

# UNITED STATES BANKRUPTCY COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| In re:<br><br>KEITH J. KIM AND JANICE S. KIM,<br><br>    Debtors.<br><br>————————————————<br><br>MICHAEL CHUNG,<br><br>    Plaintiff,<br>vs.<br><br>KEITH KIM AND JANICE KIM,<br><br>    Defendants.<br>———————————————— | Case 11-49539<br><br>Under Chapter 7<br><br>Adv. Pro. No. 11-04344<br><br><br><br>Date: N/A<br>Time: N/A<br>Place: Oakland, California<br>Judge: Hon. Roger L. Efremsky |

**ANSWER OF KEITH KIM AND JANICE KIM TO FIRST AMENDED COMPLAINT
TO REVOKE THE DISCHARGE PURSUANT TO 11 U.S.C. SECTION 727
AND TO DETERMINE DISCHARGEABILITY OF DEBT
PURSUANT TO 11 U.S.C. SECTION 523(a)(2) and (4)**

Keith Kim and Janice Kim ("Defendants") file this Answer of Keith Kim and Janice Kim to First Amended Complaint to Revoke the Discharge Pursuant to 11 U.S.C. Section 727 and to Determine Dischargeability of Debt Pursuant to 11 U.S.C. Section 523(a)(2) and (4) (the "Answer") in response to the First Amended Complaint to Revoke the Discharge Pursuant to 11 U.S.C. Section

727 and to Determine Dischargeability of Debt Pursuant to 11 U.S.C. Section 523(a)(2) and (4) (the "Complaint") filed by Michael Chung ("Plaintiff") and would respectfully show this court the following:

**VENUE**

1. Defendants admit the allegations set forth in paragraph 1 of the Complaint.

2. Defendants admit the allegations set forth in paragraph 2 of the Complaint.

3. Defendants admit this adversary proceeding relates to (i) the revocation of Debtors' discharge and (ii) the dischargeability of an alleged debt from asserted to be owed by Keith Kim to Michael Chung, but deny that such alleged debt is either valid or enforceable.

**PARTIES**

5. Defendants admit the allegations set forth in paragraph 5 of the Complaint.[1]

6. Defendants admit that Michael Chung is an individual, but deny that Michael Chung was a creditor of Defendants on the date the Defendants filed their voluntary bankruptcy petition.

**GENERAL ALLEGATIONS APPLICABLE TO ALL CLAIMS**

7. The allegations in the third sentence of paragraph 7 are vague, ambiguous and unintelligible, and Defendants are currently without sufficient knowledge or information to form a belief about the truth of same, and on such basis deny same. Defendants admit the other allegations set forth in paragraph 7 of the Complaint.

8. Defendants deny the first, second, and third sentences of paragraph 8, and on such basis deny same. The allegations in the fourth sentence of paragraph 8 are vague, ambiguous and unintelligible and Defendants are currently without sufficient knowledge or information to form a belief about the truth of same, and on such basis deny same. Defendants admit the other allegations set forth in paragraph 8 of the Complaint.

9. With respect to the first and second sentences of paragraph 9 of the Complaint,

---

[1] There is no paragraph 4 in the Complaint.

Defendants are currently without sufficient knowledge or information to form a belief about the truth of same, and on such basis deny same. Defendants admit the other allegations set forth in paragraph 9 of the Complaint

10. The allegations in the first, second, and third sentences of paragraph 10 of the Complaint are vague, ambiguous and unintelligible and Defendants are currently without sufficient knowledge or information to form a belief about the truth of same, and on such basis deny same. Defendants admits Keith Kim was an officer, director and shareholder of BRAINRUSH. Defendants deny the other allegations set forth in paragraph 10 of the Complaint.

11. With respect to the allegations set forth in paragraph 11 of the Complaint, Defendants are currently without sufficient knowledge or information to form a belief about the truth of same, and on such basis deny same.

12. Defendants deny the allegations set forth in the first and fifth sentences of paragraph 12 of the Complaint. With respect to the other allegations set forth in paragraph 12 of the Complaint, Defendants are currently without sufficient knowledge or information to form a belief about the truth of same, and on such basis deny same.

13. With respect to the allegations set forth in the second and third sentences of paragraph 13 of the Complaint, Defendants are currently without sufficient knowledge or information to form a belief about the truth of same, and on such basis deny same. Defendants deny all other allegations set forth in paragraph 13 of the Complaint.

14. With respect to the allegations set forth in the first sentence of paragraph 14 of the Complaint, Defendants are currently without sufficient knowledge or information to form a belief about the truth of same, and on such basis deny same. The other allegations in paragraph 14 of the Complaint are vague, ambiguous and unintelligible and Defendants are currently without sufficient knowledge or information to form a belief about the truth of same, and on such basis deny same.

15. The allegations in paragraph 15 of the Complaint are vague, ambiguous and unintelligible and Defendants are currently without sufficient knowledge or information to form a belief about the truth of same, and on such basis deny same.

16. The allegations in paragraph 16 of the Complaint are vague, ambiguous and

unintelligible and Defendants are currently without sufficient knowledge or information to form a belief about the truth of same, and on such basis deny same.

17. The allegations in paragraph 17 of the Complaint are vague, ambiguous and unintelligible and Defendants are currently without sufficient knowledge or information to form a belief about the truth of same, and on such basis deny same. Defendants admit that Keith Kim signed and delivered a promissory note to Plaintiff in 2002, and that Exhibit A is a true and correct copy of that note.

18. Defendants admit the allegations set forth in the first sentence of paragraph 18. Defendants deny the other allegations set forth in paragraph 18 of the Complaint.

19. Defendants admit the allegations set forth in the forth in the first sentence of paragraph 19. The other allegations in paragraph 19 are vague, ambiguous and unintelligible and Defendants are currently without sufficient knowledge or information to form a belief about the truth of same, and on such basis deny same.

## **FIRST CLAIM FOR RELIEF**

20. Defendants hereby incorporates and realleges in response to the allegations in paragraph 20 each and every allegation set forth in paragraphs 1 through 19, inclusive, of this Answer, as if each of those allegations were fully restated and set forth in this paragraph.

21. Defendants admit that they signed a voluntary bankruptcy petition under penalty of perjury and that such voluntary bankruptcy petition was filed with this court on or about September 2, 2011. The other allegations set forth in paragraph 21 of the Complaint are vague, ambiguous and/or unintelligible, and Defendants are currently without sufficient knowledge or information to form a belief about the truth of same, and on such basis deny same.

22. Defendants admit DCSI owns the home where the Defendants currently reside, that Schedule J accurately indicates that Defendants pay $2,000.00 per month as rent and that Schedule B accurately reflects that no rental deposit existed with respect thereto. Defendants deny that they had any ownership interest in DCSI Holdings, Inc. ("DCSI") on the date their bankruptcy petition was filed or at the present time. The other allegations set forth in paragraph 22 of the Complaint

1 are vague, ambiguous and/or unintelligible, and Defendants are currently without sufficient knowledge or information to form a belief about the truth of same, and on such basis deny same.

23. The allegations set forth in paragraph 23 of the Complaint are vague, ambiguous and/or unintelligible, and Defendants are currently without sufficient knowledge or information to form a belief about the truth of same, and on such basis deny same.

24. Defendants admit that on or around September 20, 2011, Defendants filed amendments to certain of their bankruptcy schedules and an amended statement of affairs. The other allegations set forth in paragraph 24 of the Complaint are vague, ambiguous and/or unintelligible, and Defendants are currently without sufficient knowledge or information to form a belief about the truth of same, and on such basis deny same.

25. Defendants deny that the failed to disclose to the existence of a pending lawsuit between Defendants and the Sterling Trust in their amended bankruptcy schedules and amended statement of affairs. The other allegations set forth in paragraph 25 of the Complaint are vague, ambiguous and/or unintelligible, and Defendants are currently without sufficient knowledge or information to form a belief about the truth of same, and on such basis deny same.

26. Defendants admit that their bankruptcy petition, schedules, statement of affairs and any amendments thereto filed with this court were signed by Defendants under penalty of perjury. Defendants deny that the representations set forth in their bankruptcy petition, bankruptcy schedules, statement of affairs were fraudulent. The other allegations set forth in paragraph 26 of the Complaint are vague, ambiguous and/or unintelligible, and Defendants are currently without sufficient knowledge or information to form a belief about the truth of same, and on such basis deny same.

27. Defendants deny the allegations set forth in paragraph 27 of the Complaint

**SECOND CLAIM FOR RELIEF**

28. Defendants hereby incorporates and realleges in response to the allegations in paragraph 28 each and every allegation set forth in paragraphs 1 through 19, inclusive, of this Answer, as if each of those allegations were fully restated and set forth in this paragraph.

| | |
|---|---|
| 1 | 29. Defendants deny the allegations set forth in paragraph 29 of the Complaint. |
| 2 | 30. Defendants deny the allegations set forth in paragraph 30 of the Complaint. |
| 3 | 31. Defendants deny the allegations set forth in paragraph 31 of the Complaint. |
| 4 | 32. Defendants deny the allegations set forth in paragraph 32 of the Complaint. |
| 5 | 33. Defendants deny the allegations set forth in paragraph 33 of the Complaint. |
| 6 | 34. Defendants deny the allegations set forth in paragraph 34 of the Complaint. |
| 7 | 35. Defendants deny the allegations set forth in paragraph 35 of the Complaint. |
| 8 | 36. Defendants deny the allegations set forth in paragraph 36 of the Complaint. |
| 9 | 37. Defendants deny the allegations set forth in paragraph 37 of the Complaint. |
| 10 | 38. Defendants deny the allegations set forth in paragraph 38 of the Complaint. |
| 11 | 39. Defendants deny the allegations set forth in paragraph 39 of the Complaint. |
| 12 | 40. Defendants deny the allegations set forth in paragraph 40 of the Complaint. |

**THIRD CLAIM FOR RELIEF**

41. Defendants hereby incorporates and realleges in response to the allegations in paragraph 41 each and every allegation set forth in paragraphs 1 through 19 and 28 though 40, inclusive, of this Answer, as if each of those allegations were fully restated and set forth in this paragraph.

42. Defendants deny the allegations set forth in paragraph 42 of the Complaint.

43. Defendants deny the allegations set forth in paragraph 43 of the Complaint.

44. Defendants deny the allegations set forth in paragraph 44 of the Complaint.

45. Defendants deny the allegations set forth in paragraph 45 of the Complaint.

**FOURTH CLAIM FOR RELIEF**

46. Defendants hereby incorporates and realleges in response to the allegations in paragraph 46 each and every allegation set forth in paragraphs 1 through 19 and 28 though 45, inclusive, of this Answer, as if each of those allegations were fully restated and set forth in this paragraph.

1. 47. The allegations in the first sentence of paragraph 47 of the Complaint are vague, ambiguous and unintelligible, and Defendants are currently without sufficient knowledge or information to form a belief about the truth of same, and on such basis deny same. Defendants admit that Keith Kim signed and delivered a promissory note to Plaintiff in 2002, and that Exhibit A is a true and correct copy of that note.

48. Defendants deny the allegations set forth in paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in paragraph 49 of the Complaint.

50. Defendants deny the allegations set forth in paragraph 50 of the Complaint.

## AFFIRMATIVE DEFENSES

FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

As a separate and distinct defense to the First Cause of Action contained in the Complaint, Defendants allege that (i) the First Cause of Action fails to state facts sufficient to constitute a cause of action against the Defendants and (ii) without in any way limiting the foregoing general affirmative defense or admitting that the Defendant's actions in any way constituted fraud, Plaintiff was aware of all the facts which Plaintiff is alleging constituted fraud prior to the granting of Debtors' discharge. As a separate and distinct defense to the Complaint, Defendants allege, on information and belief that the Complaint, and every other cause of action contained in it, fails to state facts sufficient to constitute a cause of action against the Defendants.

SECOND AFFIRMATIVE DEFENSE

(Estoppel)

As a separate and distinct defense to the Complaint, Defendants allege, on information and belief, that the Plaintiff is estopped to assert such causes of action in that, by Plaintiff's own acts and omissions, Plaintiff induced Defendants to take certain actions and Plaintiff implicitly or explicitly consented to all alleged acts of Defendants.

\

\

Answer to First Amended Complaint
Adv. Pro. No: 11-04344
Case: 11-49539    Doc# 42    Filed: 02/16/12    Entered: 02/16/12 17:53:58    Page 7 of 10    Page 7

## THIRD AFFIRMATIVE DEFENSE

(Laches)

As a separate and distinct defense to the Complaint, Defendants allege, on information and belief, that one or all of Plaintiff's causes of action are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

(Waiver)

As a separate and distinct defense to the Complaint, Defendants allege, on information and belief, that Plaintiff has waived any and all claims it has or may have against the Defendants answering herein.

## FIFTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

As a separate and distinct defense to the Complaint, Defendants allege, on information and belief that the Complaint, and every cause of action contained in it, are barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure §§ 337, et seq.

## SIXTH AFFIRMATIVE DEFENSE

(Collateral Estoppel)

As a separate and distinct defense to the Complaint, Defendants allege that the Complaint, and every cause of action contained in it, are barred by the doctrine of collateral estoppel, as a judgment was previously entered against Plaintiff and in favor of Keith Kim in the California Superior Court Action with respect to the alleged debt on which Plaintiff bases it claims in this Adversary Proceeding.

## SEVENTH AFFIRMATIVE DEFENSE

(Res Judicata)

As a separate and distinct defense to the Complaint, Defendants allege that the Complaint, and every cause of action contained in it, are barred by the doctrine of *res judicata*, as a final judgment was previously entered against Plaintiff and in favor of Keith Kim in the California Superior Court Action with respect to the alleged debt on which Plaintiff bases it claims in this Adversary Proceeding.

## EIGHTH AFFIRMATIVE DEFENSE

(Reservation of Rights)

As a separate and distinct defense to the Complaint, Defendants allege, on information and belief, that the Complaint is stated in vague and conclusory terms, and, therefore, Defendants cannot fully anticipate all affirmative defenses that may be applicable to Plaintiffs claims and causes of action, Accordingly, Defendants reserve the right to add additional affirmative defenses if, and to the extend, such applicable additional affirmative defenses are identified at some future time.

## **PRAYER FOR RELIEF**

WHEREFORE, premises considered, Defendants prays that this court grant the following relief:

A.    A judgment in favor of Defendants and against Plaintiff with respect to any and all claims for relief asserted by Plaintiff in this adversary proceeding;

B.    A judgement that any claims asserted by Plaintiff herein are dischargeable and were discharged in Debtor's bankruptcy case pursuant to which this adversary proceeding was filed;

C.    A judgment in favor of Defendants and against Plaintiff for all attorneys' fees and recoverable costs incurred in this adversary proceeding; and

D.    Such other and further relief as this Court determines is just and equitable under the circumstances.

Dated: February 16, 2012

                                                    */s Philip J. Nicholsen*
                                                  PHILIP J. NICHOLSEN

                                                  Attorney for Defendants,
                                                  Keith Kim and Janice Kim

## PROOF OF SERVICE

I am over the age of 18 years. I am not a party to the above-entitled action. My business address is 601 Montgomery Street, Suite 777, San Francisco, CA 94111  I am readily familiar with the firm's practice for collection and processing of facsimiles and mail. On the below mentioned date, I caused the foregoing pleading to be served as follows:

[X]  **(BY MAIL)** By placing a true copy thereof enclosed in a sealed envelope, addressed as set forth below, with correct amount of postage and deposited that same day in a United States Postal Service depository.

[ ]  **(BY PERSONAL SERVICE)** By hand delivering a true copy thereof, that same day, addressed to the person, and delivered to the address set forth below.

[ ]  **(BY OVERNIGHT SERVICE)** By depositing a true copy thereof in a sealed packet for overnight mail delivery, with charges thereon fully prepaid, deposited the same day for overnight delivery with an overnight mail service to the addresses shown below.

[ ]  **(BY FACSIMILE)** By transmitting said document(s) from our office facsimile machine, to the facsimile numbers shown below and reported as complete and without error.

[ ]  **(BY ELECTRONIC MAIL)** By transmitting said document(s) from our office via email as a pdf attachment.

Henry M. Lee
Robert Myong
HENRY M. LEE LAW CORPORATION
3530 Wilshire Boulevard, Suite 1710
Los Angeles, CA 90010

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on February 16, 2012, at San Francisco, California.

/s *Philip J. Nicholsen*
Philip J. Nicholsen

Answer to First Amended Complaint
Adv. Pro. No. 11-04344